## STATE *v.* HURD.

Under Gen. Stats., ch. 262, sec. 1, which imposes a penalty upon any person who "shall wilfully and maliciously burn any dwelling-house," an indictment is good which charges the defendant with feloniously, wilfully, and maliciously burning his own dwelling-house.

INDICTMENT, for wilfully and maliciously burning the dwelling-house of the defendant.   Motion in arrest of judgment.

*Woodward & Wellington*, for the defendant.

*Colby, solicitor*, for the State.

DOE, J.    Section 1 of ch. 262, Gen. Stats., provides that "If any person shall wilfully and maliciously burn any dwelling-house," he shall be punished.   The title of the chapter is "ARSON AND BURNING PROPERTY."   The index or table of contents placed at the head of the chapter, and repeated in the margin at the side of the several sections, gives "arson, how punished," as a brief statement or head-note of section 1 ; and the defendant contends that this index shows that the crime intended in section 1 is arson in its common law sense, and consequently that the dwelling-house must be the dwelling-house of some other person than the defendant.

"Murder," in chapter 264, is the technical term of the common law, and it carries into the statute the common law definition of the term.   But in section 1 of chapter 262, the word "arson" is not used, nor any equivalent; and the index at the head of the chapter cannot be wholly relied upon as an accurate designation of the subject-matter of legislation, although some aid might perhaps be derived from it in the interpretation of an ambiguous section.   The index or heading of section 2 of chapter 261 is "Burglary with intent to commit other crime ;" and the section itself is, "If any person shall, in the night-time, break and enter any dwelling-house, office, bank, shop, store, or warehouse, or any vessel," &c.   When the term "burglary" is used in the heading of a statute in a sense so much broader than its common law signification, it cannot be presumed, from the mere use of the word "arson" in the heading of the next chapter, that common law arson is intended to be expressed.

A man may maliciously beat his own horse,—*State* v. *Avery*, 44 N. H. 392,—and he may maliciously burn his own dwelling.   If he burns it for the purpose of destroying the home and lives of his wife and children, when they happen without his knowledge to be absent, the burning may be malicious : and there may be malice in other cases. The legislature might well have intended to provide for such cases, and to remedy a defect of the common law, which has been cured by

statute in England. The omission of the terms " arson" and " of the property of another," in the body of the statute, may well be taken as an intentional remedy of that defect, making section 1 to include not ·merely common law arson, but something more. In a condensed ؛enumeration of the contents of the chapter, the word " arson " might well enough be used as an abbreviated expression to answer the practical purpose of conveying a general, though not a complete and precise, idea of the subject-matter of section 1.

*Motion denied.*